UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS, | Case No. 1:18-cv-00821-LJO-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| v. | |
| RICK RILL, | RESPONSE DUE IN THIRTY DAYS |
| Respondent. | ECF No. 1 |

Petitioner Jerome Lee Cross, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The most recent order in this case was returned to the court as undeliverable and petitioner has failed to update his address with the court. We will order petitioner to show cause why his case should not be dismissed for failure to prosecute.

**Discussion**

On June 15, 2018, petitioner filed the instant petition, seeking relief from his conviction for felony possession of an alcoholic beverage while incarcerated. *Id*. Petitioner stated that he expected to be released from state custody this year, ECF No. 17 at 24, and it appears that petitioner has been released.[1] Meanwhile, petitioner's federal habeas petition remains pending

---

[1] We have reviewed the California Department of Corrections and Rehabilitation's inmate locator listing for the petitioner and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Department of Corrections and Rehabilitation Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (search "Search for Inmate" for "Jerome Cross"). The inmate

1

before this court. Petitioner's most recent filing in this case was made on December 12, 2018. ECF No. 17. In our last substantive order in the case, filed August 1, 2019, we granted petitioner's motion to amend his petition. ECF No. 19. Although he was not required to do so, petitioner did not file an amended petition. On March 2, 2020, an administrative order directed to petitioner was returned to the court as undeliverable. For petitioner to avoid dismissal of his petition for failure to prosecute, a notice of change of address was due by May 11, 2020. *See* Local Rule 183(b). The court has not received an updated address.

To manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines. The court may dismiss a case for plaintiff's failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1. The court will give petitioner a chance to explain why the court should not dismiss the case for his failure to prosecute. Petitioner's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of the petition.

**Order**

Within thirty days from the date of service of this order, petitioner must show cause why the court should not dismiss his case for failure to prosecute.

---

locator states that there are "no records matching that criteria." Even so, a lack of custody does not render the instant petition moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). But, once custody has ended, "some concrete and continuing injury" other than detention—a "collateral consequence"—must exist if a habeas petition is to be maintained. *See id*. When a habeas petitioner challenges his underlying criminal conviction, as the petitioner has done here, collateral consequences are presumed to exist, even after a petitioner has been released from custody. *See id*.

IT IS SO ORDERED.

Dated: __May 14, 2020__             _____
                                     UNITED STATES MAGISTRATE JUDGE

No. 206.